OPINION
Appellants Margaret and Milton Hillegas appeal the June 2, 1999 Decision and Judgment Entry of the Delaware County Court of Common Pleas which affirmed the May 12, 1998 Decision of the appellee Genoa Township Board of Zoning Appeals (hereinafter "Board").
 STATEMENT OF THE CASE AND FACTS
On March 6, 1998, the Genoa Township Zoning Inspector cited appellants with a violation of the zoning code. The citation alleged appellants' storage of equipment for a tree clearing business, storage of logs and split firewood, and the sale of firewood from the premises were prohibited under Section 406.05, "Prohibited Uses," of the Genoa Township Zoning Code. On March 26, 1998, appellants filed an Application for Appeal of the Zoning Inspector's Determination to the Board. The Board conducted a hearing on April 28, 1998. After taking evidence and hearing testimony, two of the three attending board members voted in favor of appellants. In a May 12, 1998 letter to appellants, the Board noted the appeal was denied based upon "the fact that you did not receive necessary three votes to reverse the zoning violation." On June 11, 1998, appellants filed a Notice of Appeal of the Board's decision with the Delaware County Court of Common Pleas. Subsequent thereto, and while the appeal to the common pleas court was pending, appellants also filed a request for a variance. On August 7, 1998, appellants filed a Motion for Extension of Time in which to file their brief before the trial court. The motion was based on the fact appellants had filed a variance request which could dispose of the entire matter should the variance request result in a favorable outcome to appellants. The request for a variance was attached to the motion and thereby made a part of the record. In an August 7, 1998 Judgment Entry, the trial court granted appellants' Motion for an Extension of Time in which to file their brief. After the Board denied appellant's request for a variance, appellant moved forward with their appeal of the prohibited use citation and filed a brief in support. Appellee filed a timely response. An appeal of the denial of the variance request was taken under a different case number. In a June 2, 1999 Decision and Judgment Entry, the trial court affirmed the decision of Board. It is from this judgment entry appellants prosecute this appeal, assigning as error the following:
 I. THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY FAILING TO FIND THAT THE DECISION OF THE GENOA TOWNSHIP, DELAWARE COUNTY, OHIO, BOARD OF ZONING APPEALS, WAS UNCONSTITUTIONAL, ILLEGAL, ARBITRARY, CAPRICIOUS, AND UNREASONABLE, BASED UPON THE ENTIRE RECORD.
 II. THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY FINDING THAT A PREPONDERANCE OF RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE EXISTS TO SUPPORT THE DECISION OF THE GENOA TOWNSHIP, DELAWARE COUNTY, OHIO, BOARD OF ZONING APPEALS IN FINDING APPELLANTS IN VIOLATION OF A NONCONFORMING USE.
 III. THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY FINDING THE HEARING HELD APRIL 28, 1998 WAS A VARIANCE REQUEST AND NOT A REQUEST TO RESERVE THE ADMINISTRATIVE DECISION OF THE TOWNSHIP ZONING INSPECTOR.
 IV. THE TRIAL COURT ERRED WHEN IT FOUND A MAJORITY VOTE OF THE ENTIRE BOARD WAS NEEDED TO OVERTURN THE ZONING INSPECTOR'S DECISION RATHER THAN A SIMPLE MAJORITY OF THE BOARD MEMBERS PRESENT.
 III
In the third assignment of error, appellants contend the trial court applied the wrong standard of law. Specifically, the trial court addressed the administrative appeal as one from the denial of the request for a variance instead of the affirmance of the zoning inspector's finding of a prohibited use. We agree. In the June 2, 1999 Judgment Entry, the trial court stated:
 FACTS OF THE CASE
The Court finds the following facts:
 5. On April 28, 1998, the Genoa Township Board of Zoning Appeals held a hearing, on a document filed by Hillegas entitled "Board of Zoning Appeals Application for Variance(s) or Appeal of Administrative Decision", but which in the body requests a variance. See Application, page 2, (9) et seq., which contains answers to questions regarding the variance requested. However, at hearing, all parties treated the Application as an appeal for the Zoning Inspector's citation for a zoning violation.
* * *
DECISION AND JUDGMENT ENTRY
 The question of whether the present use continues to be a non-conforming use is not before this court, since Appellants needed no variance to continue a legal non-conforming use. Only in the event there was no longer a legal non-conforming use would a variance or rezoning be required. Appellants chose to attempt to obtain an exception to the then current zoning resolution by the filing of this Application for a variance.
 The Genoa Township Board of Zoning Appeals was not authorized to ignore or waive the procedural and substantive requirements of the Zoning Resolution. However, the Court finds that the BZA did not ignore or waive any of the procedural or substantive requirements in denying the variance requested by Milton Hillegas, et al. The decision to deny the variance application was based upon the fact that of the three members of the Zoning Board of Appeals present and voting, only two voted for the motion granting the variance.
* * *
 The Court finds a preponderance of probative, credible, substantial, reliable evidence in the transcript to support the decision of the Genoa Township Board of Zoning Appeals, and under the dictates of Ohio Revised Code Chapter 2506 hereby affirms the decision not to grant the Variance requested by Milton Hillegas, et al.
(emphasis added).
It is clear from the record this appeal was predicated on the Board's affirmance of the zoning inspector's citation for a prohibited use. Because the trial court based its decision on the law surrounding the grant or denial of request for a variance, we must reverse and remand the matter to the trial court for reconsideration of appellant's appeal of the prohibited use citation. Appellant's third assignment of error is sustained.
 I, II, IV
In light of our disposition of appellant's third assignment of error, we find appellant's first, second, and fourth assignments of error to be premature and we shall not address the merits at this time.
The June 2, 1999 Judgment Entry of the Delaware County Court of Common Pleas is reversed, and the matter is remanded to that court for further proceedings in accordance with our opinion and the law.
 _________________________ HOFFMAN, P.J.
WISE, J. and READER, V.J. CONCUR.